UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DENNIS REYNOLDS,                                    Case No. 1:15-cv-363
      Petitioner,


                                         Black, J.
    vs.                                        Litkovitz, M.J.


WARDEN, HOCKING                                    **REPORT AND**
CORRECTIONAL FACILITY,                             **RECOMMENDATION**
      Respondent.


Petitioner, an inmate in state custody at the Hocking Correctional Facility in Nelsonville,

Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc.

1). This matter is before the Court on respondent's motion to dismiss filed August 28, 2015.

(Doc. 7).[1] Petitioner has filed a brief opposing the motion to dismiss. (Doc. 11).[2]

# I. PROCEDURAL HISTORY

## State Trial Proceedings

In January 2011, the Hamilton County, Ohio, grand jury returned an indictment charging

petitioner with one count of aggravated murder in violation of Ohio Rev. Code § 2903.01(A) and

an attached firearm specification. (Doc. 6, Ex. 2). In the "Bill Of Particulars" filed in response

---

[1] Respondent has separately filed 32 exhibits obtained from the underlying state-court record as support for the motion to dismiss. (*See* Doc. 6).

[2] Petitioner has also filed a motion to expand the record, which respondent opposes. (*See* Docs. 10, 12). The undersigned has issued a separate order this date denying petitioner's non-dispositive motion.

to petitioner's request, the State provided the following statement setting forth its version of the

events giving rise to the criminal charge:

> [O]n or about January 16, 2011, at approximately 6:41 p.m., at 4412 Grove
> Avenue, Mariemont, Ohio, the Defendant snuck into the residence through a rear
> entrance with the intent to confront C. Reynolds. Once inside the home, the
> Defendant entered the kitchen and removed a loaded rifle from the wall, he
> previously loaded and placed there in preparation for confronting C. Reynolds.
> The Defendant pointed the rifle at both C. Reynolds and J. Schwarberg. The
> victim stood to confront the Defendant. The Defendant grabbed her arm and
> pointed the rifle at her, shooting her multiple times at point blank range.

(*Id.*, Ex. 1).

Petitioner's trial counsel filed a Suggestion of Incompetence and requested "an

examination and evaluation on the issue of [petitioner's] competency" to stand trial. (*Id.*, Ex. 4).

The trial court appointed the Psychiatric Center of the Court Clinic Forensic Services to examine

petitioner and evaluate his competency to stand trial. (*Id.*, Ex. 5). Upon receipt of the

psychiatrist's report, the trial court issued an entry on March 21, 2011 finding that petitioner was

"capable of understanding the nature and objective of the proceedings against him[], and of

presently assisting in his[] defense," and that petitioner was "competent for the purpose of

standing trial." (*Id.*, Ex. 6).

Three months thereafter, on June 20, 2011, petitioner entered a guilty plea to a reduced

charge of murder in violation of Ohio Rev. Code § 2903.02 with a three-year firearm

specification. (*Id.*, Ex. 8). In the plea agreement executed by petitioner and filed with the court,

petitioner stated that he understood that he faced a "mandatory" aggregate prison sentence of "18

years to life." (*See id.*, at PAGEID#: 63). On July 1, 2011, the trial court issued the final

judgment entry sentencing petitioner in accordance with the plea agreement to a fifteen (15) year

to life term of imprisonment for the murder offense, to be served consecutively to a three (3) year term of imprisonment for the firearm specification. (*Id.*, Ex. 9).

## Motion For Delayed Appeal

Petitioner did not pursue a timely appeal from his conviction and sentence. On December 13, 2011, over five months after the final judgment of conviction and sentence was entered on the record, petitioner filed a *pro se* notice of appeal and motion for leave to file a delayed appeal to the Ohio Court of Appeals, First Appellate District. (*See* Doc. 6, Exs. 10-11). In his motion, petitioner asked the court to consider the following "information":

(1) That my plea was based upon faulty advice from my attorney.

(2) That the evidence would have shown a much lesser charge than the one I pleaded guilty to.

(3) That my lawyer was ineffective and did not conduct any pre-trial investigation before having me plead guilty of the charge of murder.

(4) No jury would have found me guilty of murder based upon the evidence.

(*Id.*, Ex. 11, at PAGEID#: 76). Petitioner also claimed as "cause" for his untimely filing that he was led to believe that his trial counsel, who was related to the prosecutor, had filed a timely appeal on his behalf. (*See id.*, at PAGEID#: 72, 75). Petitioner stated that when he "checked to see if an appeal had been fi[l]ed" and "received notice" by way of an "attached letter" that no appeal had been filed, he then began "the process of filing same." (*Id.*). The letter attached to the motion was sent to petitioner by an "intake section attorney" at the Ohio Public Defender's Office. (*See id.*, at PAGEID#: 77). In the letter, which was dated November 10, 2011, the intake attorney informed petitioner, who had "recently contacted this office for assistance in [his] case," that a "review of the online docket indicates a notice of appeal was <u>not </u>filed." (*Id.*, at PAGEID#:

3

77) (emphasis in original).

On January 12, 2012, the Ohio Court of Appeals summarily overruled petitioner's motion for leave to appeal on the ground that petitioner had "failed to provide sufficient reasons for failure to perfect an appeal as of right." (*Id.*, Ex. 13).

Petitioner next pursued a timely appeal to the Ohio Supreme Court (*see id.*, Exs. 14-15), asserting as the sole proposition of law that he "was denied equal protection and due process when the Court [of Appeals] denied his motion to file an appeal of his conviction." (*Id.*, Ex. 15, at PAGEID#: 96). On April 4, 2012, the Ohio Supreme Court declined jurisdiction to hear the case and dismissed the appeal "as not involving any substantial constitutional question." (*Id.*, Ex. 17).

### Motion to Withdraw Guilty Plea

On January 18, 2013, over a year and a half after he was convicted and sentenced and over nine months after the Ohio Supreme Court declined jurisdiction and dismissed his appeal in the delayed appeal matter, petitioner filed a *pro se* motion to withdraw his guilty plea with the trial court. (Doc. 6, Ex. 18). In the motion filed pursuant to Ohio R. Crim. P. 32.1, petitioner claimed that the attorneys who represented him in the trial proceedings were ineffective for (1) failing to conduct any pretrial investigation; (2) failing to challenge the State's theory of the evidence; (3) failing to put forth a defense that would have shown a "lesser degree of culpability than that for which [petitioner] was ultimately convicted"; (4) failing to challenge the report finding petitioner was competent to stand trial; (5) failing to seek a change of venue; and (6) allowing petitioner to "enter a guilty plea that was not knowingly and intelligently made." (*Id.*). The trial court denied the motion without opinion on June 21, 2013. (*Id.*, Ex. 19).

4

Petitioner timely appealed to the Ohio Court of Appeals, First Appellate District, alleging in two assignments of error that the trial court abused its discretion when it (1) "dismissed his motion to withdraw his guilty plea based on ineffective assistance of counsel," and (2) "failed to grant a hearing" on the motion. (*See id.*, Exs. 20-21). On March 26, 2014, the Ohio Court of Appeals overruled the assignments of error and affirmed the trial court's judgment. (*Id.*, Ex. 23).

Petitioner next pursued a timely appeal to the Ohio Supreme Court based on the same claims that he had presented to the Ohio Court of Appeals. (*See id.*, Exs. 24-25). On June 25, 2014, the Ohio Supreme Court issued the final entry in the matter declining to accept jurisdiction of the appeal. (*Id.*, Ex. 27).

### Federal Habeas Corpus Petition

The instant federal habeas action commenced on June 2, 2015. (*See* Doc. 1). However, for statute of limitations purposes, it is presumed that petitioner's habeas petition was filed on May 28, 2015, the date that petitioner claims he placed the *pro se* pleading in the prison mailing system for submission to this Court. (*See* Doc. 1, at PAGEID#: 15).[3] In the petition, petitioner presents the following grounds for relief:

> **Ground One:** Petitioner's rights to equal protection of the laws and due process w[ere] denied him when the court refused to allow him to withdraw[] his guilty plea, and fail[ed] to hold an evidentiary hearing regarding [the motion to withdraw his guilty plea].
>
> **Supporting Facts:** Petitioner, having presented to the court evidence and argument that went uncontested by the State that his plea of guilty was not knowingly and intelligently made, but was the product of ineffective assistance of

---

[3] It is well-settled that the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266 (1988); *see also Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002); *Goins v. Saunders,* 206 F. App'x 497, 499 n.1 (6th Cir. 2006).

5

Counsel was nevertheless denied his request to withdraw his plea of guilt, without holding an evidentiary hearing and without issu[]ing any findings of facts and conclusions of law to support it[]s decision rejecting petitioner[']s motion in light of the overwhelming arguments in support of granting his motion. . . .

**Ground Two:** Petitioner was denied his rights to the effective assistance of counsel as gu[a]ranteed him under the [S]ix[th] Amendment of the United States Constitution and contrary to clearly establish[ed] Federal law.

**Supporting Facts:** Petitioner was charged with a capital offense[.] [I]n spite of having three attorney[]s representing him Petitioner did not receive the benefit of either Counsel and was coerced into entering a guilty plea without either counsel so much as conducting any pretrial investigations or following-up on information, provided by petitioner that would have greatly aided in his defense, to a lesser charge from which he entered his guilty plea. ([F]or example Petitioner was on a medication that among the side [e]ffects was suicide and a tendency towards aggressive behavior. [P]rior to taking this medication the petitioner was a law abiding citizen without a criminal record. Following the shooting of his wife, petitioner did in fact try to commit[] suicide.) [C]ounsel[] for petitioner failed to interview witnesses who could have also presented mitigating facts in defense of petitioner[']s claim of duress.

(*Id.,* at PAGEID#: 5, 7).

Respondent has filed a motion to dismiss the petition. (Doc. 7). Respondent contends in part that Ground One does not state a cognizable ground for federal habeas relief and Ground Two is barred from review by the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d). (*Id.*, pp. 7-15, at PAGEID#: 187-95). Petitioner has filed a brief opposing the motion to dismiss. (Doc. 11).

## II. RESPONDENT'S MOTION TO DISMISS (DOC. 7) SHOULD BE GRANTED BECAUSE GROUND TWO IS TIME-BARRED AND GROUND ONE IS NOT COGNIZABLE IN THIS FEDERAL HABEAS PROCEEDING

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus

6

within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

As discussed below, it appears that the claim alleged in Ground Two, which arose during the 2011 trial proceedings, is time-barred under the only arguably applicable limitations provisions set forth §§ 2244(d)(1)(A) and 2244(d)(1)(B). In contrast, it appears that the claim alleged in Ground One, which arose years later when the trial court summarily denied petitioner's motion to withdraw his guilty plea without a hearing on June 21, 2013, is not time-barred under the one-year statute of limitations set forth in § 2244(d)(1)(D). However, as discussed below, Ground One should be dismissed on the alternative ground that it does not constitute a cognizable ground for federal habeas relief.

**Ground Two:**

In Ground Two of the petition, petitioner alleges that his trial counsel provided ineffective assistance by coercing him to enter a guilty plea in June 2011 without "conducting any pretrial investigations." (Doc. 1, at PAGEID#: 7). Petitioner specifically contends that his trial attorneys

7

were ineffective because they (1) failed to follow up on information he had provided for the purpose of pursuing a defense that would have resulted in a conviction for a lesser offense than murder, and (2) failed to interview witnesses who would have supported his "claim of duress" at the time of the shooting. (*See id.*).   Respondent contends that because the alleged errors occurred prior to petitioner's entry of his guilty plea in June 2011, they are time-barred under the one-year statute of limitations governing federal habeas petitions. (*See* Doc. 7, pp. 10-13, at PAGEID#: 190-93).

The undersigned must first determine which limitations provision set forth in § 2244(d)(1) applies to petitioner's ineffective-assistance-of-trial-counsel claims.  As an initial matter, it is clear that neither § 2244(d)(1)(C) nor § 2244(d)(1)(D) is applicable.  Petitioner has not asserted a constitutional right that has been newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review, nor has petitioner demonstrated that he was unaware of or could not discover the factual bases for his specific claims of ineffectiveness before his conviction became final by the conclusion of direct review or expiration of time for seeking such review.  Indeed, petitioner has asserted in his brief filed in response to the motion to dismiss that he discovered "long before the time for filing his appeal had expired" that a "crime of passion" defense should have been pursued that would have served to mitigate his conviction and sentence. (*See* Doc. 11, p. 3, at PAGEID#: 208).

Respondent contends, therefore, that the one-year statute of limitations set forth in 28 U.S.C.  § 2244(d)(1)(A) governs the ground for relief. (*See* Doc. 7, p. 11, at PAGEID#: 191).  If, as respondent has argued, § 2244(d)(1)(A) applies here, petitioner's conviction became "final" for statute of limitations purposes on August 1, 2011, when the 30-day period for filing a timely

8

appeal to the Ohio Court of Appeals expired.[4] *See* Ohio R. App. P. 4(A). Neither petitioner's

unsuccessful motion for leave to file a delayed appeal filed in December 2011 nor petitioner's

unsuccessful motion to withdraw his guilty plea filed in January 2013 affected the finality

determination under 28 U.S.C. § 2244(d)(1)(A) or otherwise served to restart the running of the

clock. *See, e.g.*, *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 459-60 (6th Cir. 2012)

(rejecting the petitioner's argument that his conviction did not become final under §

2244(d)(1)(A) until after his motion for delayed appeal was denied by the Ohio Supreme Court);[5]

*Quillen v. Warden, Marion Corr. Inst.*, No. 1:12cv160, 2013 WL 1315089, at *5 (S.D. Ohio Mar.

29, 2013) (Barrett, J.) (and numerous cases cited therein) (holding that the magistrate judge had

"correctly found" that the petitioner's motions for delayed appeal to the Ohio Court of Appeals

and Ohio Supreme Court "did not restart the running of the statute of limitations under §

2244(d)(1)(A)"); *Pierce v. Warden, Ross Cnty. Corr. Inst.*, No. 3:10cv132, 2012 WL 5511220, at

*13 (S.D. Ohio Nov. 14, 2012) (Report & Recommendation) (citing *Keeling* in support of holding

that because the Ohio Court of Appeals "never re-opened" the petitioner's "direct appeal—i.e., it

denied his motion for delayed appeal," the proceedings held on the delayed appeal motion did not

---

[4] The deadline date for filing a timely appeal from the trial court's July 1, 2011 judgment of conviction and sentence was actually July 31, 2011. However, because that day fell on a Sunday, the undersigned has assumed in petitioner's favor that the 30-day appeal period was extended to include the next business day of Monday, August 1, 2011.

[5] In *Keeling*, the Sixth Circuit recognized the Supreme Court's "narrow" holding in *Jimenez v. Quaterman*, 555 U.S. 113 (2009), that the *granting* of a delayed appeal within the one-year limitations period renders a conviction non-final for statute of limitations purposes because the ruling restores the pendency of the direct appeal. *See Keeling*, 673 F.3d at 459. However, the Sixth Circuit went on to point out in *Keeling* that the Supreme Court later made it clear in *Gonzalez v. Thaler*, __ U.S. __, 132 S.Ct. 641 (2012), that in contrast to the unique circumstances presented in *Jimenez*, a judgment typically becomes "final" under § 2244(d)(1)(A) when either (1) the Supreme Court affirms a conviction or denies a petition for certiorari filed by a petitioner who pursues direct review "all the way up" to the Supreme Court, or (2) "[f]or all other petitioners, . . . the time for pursuing direct review . . . in state court[] expires." *Id.* at 459-60 (quoting *Gonzalez*, 132 S.Ct. at 653-45).

factor into the § 2244(d)(1)(A) finality determination), *adopted*, 2013 WL 811568 (S.D. Ohio

Mar. 5, 2013); *see also Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x 605, 608-09 (6th

Cir. 2013) (holding that a motion to withdraw a guilty plea in Ohio does not serve to restart the

AEDPA's one-year statute of limitations or otherwise alter the date on which a conviction

becomes final under § 2244(d)(1)(A)). Therefore, under the § 2244(d)(1)(A) limitations

provision, the statute of limitations would have commenced running on August 2, 2011, one day

after the expiration of the direct appeal period. *See* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235

F.3d 280, 285 (6th Cir. 2000).

However, petitioner has alleged that he believed his trial counsel was pursuing a timely

appeal on his behalf and that he acted promptly to file a motion for delayed appeal when he

learned that no appeal had been filed by way of a letter dated November 10, 2011 from an

attorney at the Ohio Public Defender's Office. (*See* Doc. 6, Ex. 11). In cases involving the

alleged ineffectiveness of trial counsel in failing to perfect an appeal requested by the petitioner,

the Sixth Circuit and courts within this federal judicial district have held that counsel's

ineffectiveness can amount to a state-created impediment to filing, which triggers the applicability

of the later one-year limitations provision set forth in § 2244(d)(1)(B). *See, e.g., Waldron v.*

*Jackson,* 348 F. Supp.2d 877, 882-86 (N.D. Ohio 2004); *Woods v. Jackson,* No. 1:00cv803, 2006

WL 746293, at *5-7 (S.D. Ohio Mar. 22, 2006) (Spiegel, J.); *see also Winkfield v. Bagley,* 66 F.

App'x 578, 582-83 (6th Cir. 2003); *Batista v. Warden, Lebanon Corr. Inst.,* No. 1:08cv635, 2009

WL 3259289, at *2, *7 (S.D. Ohio Oct. 7, 2009) (Spiegel, J.; Hogan, M.J.) (and numerous cases

cited therein). *Cf. Thomas v. Warden, London Corr. Inst.*, No. 1:13cv919, 2014 WL 4093068, at

*3 (S.D. Ohio Aug. 18, 2014) (Litkovitz, M.J.), *adopted*, 2014 WL 4426249 (S.D. Ohio Sept. 8,

2014) (Barrett, J.).[6]  Furthermore, it has long "been widely held that counsel's failure to file a

timely notice of appeal from a criminal conviction, when requested to do so by the defendant,

constitutes ineffective assistance of counsel *per se*." *Tolbert v. United States,* No. 97-5830, 1998

WL 381641, at *2 (6th Cir. June 23, 1998) (and numerous cases cited therein); *see also Roe v.*

*Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Rodriquez v. United States,* 395 U.S. 327 (1969);

*Peguero v. United States,* 526 U.S. 23, 28 (1999)) ("We have long held that a lawyer who

disregards specific instructions from the defendant to file a notice of appeal acts in a manner that

is professionally unreasonable."); *Ervin v. Warden, United States Penitentiary,* No. 1:09cv28,

2010 WL 1257900, at *3 (S.D. Ohio Jan. 12, 2010) (Merz, M.J.) (Report & Recommendation)

(and cases cited therein) ("[F]ailure to file an appeal on a client's request constitutes ineffective

assistance of trial counsel without any showing of prejudice."), *adopted*, 2010 WL 1257903 (S.D.

Ohio Mar. 31, 2010) (Barrett, J.).

In this case, it is unclear from the present record whether petitioner ever requested his trial

counsel to file a notice of appeal on his behalf or whether counsel made any representations to

petitioner that would have led petitioner to believe that a timely appeal would be filed by the

attorney.  Nevertheless, the undersigned will assume, without deciding, in petitioner's favor that

trial counsel's failure to pursue a timely appeal created a state impediment to filing that was

---

[6]*But see Dunker v. Bissonnette,* 154 F. Supp.2d 95, 105 (D. Mass. 2001) (rejecting argument that the
petitioner's court-appointed attorney was a "state actor" under § 2244(d)(1)(B)); *Cinocco v. Smelser,* No. 10-cv-
01722-BNB, 2011 WL 65084, at *4 (D. Colo. Jan. 6, 2011) (same); *Rith v. Clark,* No. 1:10-cv-0797 SMS HC, 2010
WL 3582591, at *3 (E.D. Cal. Sept. 10, 2010) (and cases cited therein) (same); *Hill v. Mullin,* No. CIV-09-1003-F,
2010 WL 446584, at *2 & n.8 (W.D. Okla. Feb. 1, 2010) (and cases cited therein) (same); *O'Neal v. South Carolina,*
Civ. Act. No. 9:08-587-HFF-BM, 2008 WL 4960423, at *3 (D.S.C. Nov. 20, 2008) (following *Lawrence v. Florida,*
421 F.3d 1221, 1226 (11th Cir. 2005), *aff'd on other grounds,* 549 U.S. 327 (2007), in holding that "the actions of a
criminal defense attorney . . . are not state action" within the meaning of § 2244(d)(1)(B)), *appeal dismissed,* 328 F.
App'x 283 (4th Cir. 2009).

removed when petitioner received the November 10, 2011 letter informing him that no appeal had been filed on his behalf. However, even if § 2244(d)(1)(B) applies to delay the limitations period in this case, the statute began to run at the latest in November 2011 and expired one-year later in November 2012 absent application of statutory or equitable tolling principles. Accordingly, to the extent that it can be argued that § 2244(d)(1)(B) governs the ineffective-assistance-of-counsel claims alleged in Ground Two of the petition, petitioner still faces a statute-of-limitations bar to review. *Cf. Ratliff v. Jefferys,* No. 3:06cv1931, 2007 WL 4248173, at *5 (N.D. Ohio Nov. 30, 2007) (holding that § 2244(d)(1)(B) was inapplicable in a case where the petitioner failed to file his federal habeas corpus petition within one year after the alleged state impediment was removed).

Under 28 U.S.C. § 2244(d)(2), petitioner was entitled to tolling of the statute of limitations based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*

In this case, during the one-year limitations period that commenced running at the latest in November 2011 under the statutory provision set forth in § 2244(d)(1)(B), petitioner filed a motion for delayed appeal to the Ohio Court of Appeals. The motion filed on December 13,

2011, constituted a "properly filed" state collateral-review application within the meaning of §

2244(d)(2) and thus served to toll the limitations period while it was pending before the state

courts.  *See Board v. Bradshaw*, 805 F.3d 769, 771-76 (6th Cir. 2015) (reaffirming prior

precedents—*see, e.g., DiCenzi v. Rose*, 452 F.3d 465, 468-69 (6th Cir. 2006); *Searcy v. Carter*,

246 F.3d 515, 519 (6th Cir. 2001); *Anderson v. Brunsman*, 562 F. App'x 426, 430 (6th Cir. 2014);

*Applegarth v. Warden, N. Cen. Corr. Inst.*, 377 F. App'x 448, 449 (6th Cir. 2010)—in holding

that a motion for delayed appeal to the Ohio Court of Appeals, even if "ultimately unsuccessful,"

is a "properly filed" motion under Ohio R. App. P. 5 for state collateral relief that serves to toll

the limitations period under § 2244(d)(2)).  Therefore, the statute of limitations, which had run for

approximately 30 days, was tolled from December 13, 2011 (the date petitioner filed his motion

for delayed appeal with the Ohio Court of Appeals) through April 4, 2012 (the date the Ohio

Supreme Court issued the final entry affirming the Court of Appeals' January 4, 2012 decision

denying the delayed appeal motion).[7] (*See* Doc. 6, Exs. 10-11, 13, 17).

The statute of limitations recommenced running on April 5, 2012, and ran for 288

additional days, for a total of approximately 318 days, before it was tolled again by the filing of

petitioner's motion to withdraw his guilty plea on January 18, 2013. (*See id.*, Ex. 18).  The

limitations period was tolled from January 18, 2013 through June 25, 2014, when the Ohio

Supreme Court issued the final ruling in the matter declining to accept jurisdiction of petitioner's

---

[7] In *Lawrence v. Florida*, 549 U.S. 327, 333-34 (2007), the Supreme Court made it clear that in contrast to the provision set forth in 28 U.S.C. § 2244(d)(1)(A) for determining the finality of a state conviction, tolling under § 2244(d)(2) does *not* include the time for seeking review in the United States Supreme Court through a petition for certiorari.

appeal. (*See id.*, Ex. 27).[8] The statute of limitations began to run again on June 26, 2014 and

expired approximately 47 days later on or about August 12, 2014 absent any further tolling of the

limitations period.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland v. Florida,*

560 U.S. 631, 645 (2010), "when a litigant's failure to meet a legally-mandated deadline

unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon*

*Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783

(6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at

784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has

been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way

and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted));

*see also Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Although the Sixth Circuit previously

utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable

tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework"

to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th

Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which

requires both reasonable diligence and an extraordinary circumstance, has become the law of this

circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

It is clear from the record that petitioner has not been diligently pursuing his rights in the

state courts. As the respondent has argued in support of the motion to dismiss (*see* Doc. 7, pp. 14-

---

[8] *See supra* p. 13 n.7.

15, at PAGEID#: 194-95), even assuming that the failure of petitioner's trial counsel to pursue a

timely appeal on petitioner's behalf excuses the delay that occurred prior to petitioner's filing of

his motion for delayed appeal in December 2011, petitioner has not provided any justification for

the significant lapses of time that occurred with respect to both (1) the filing of his motion to

withdraw his guilty plea over nine months after the Ohio Supreme Court issued the final ruling in

the delayed appeal proceedings, and (2) the filing of the instant habeas petition eleven months

after the Ohio Supreme Court declined jurisdiction in the appeal pertaining to the denial of his

motion to withdraw his guilty plea.  In any event, petitioner has not shown that an "extraordinary

circumstance" prevented him from filing a timely habeas petition after the Ohio Supreme Court

issued the final ruling on April 4, 2012 in the delayed appeal proceedings, particularly given that

he had well over two years thereafter in which to do so before the expiration of the limitations

period in August 2014.

Finally, petitioner has not shown that the procedural bar to review should be excused

based on a colorable showing of actual innocence.  "To invoke the miscarriage of justice

exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely

than not that no reasonable juror would have convicted him in the light of . . . new evidence."

*McQuiggin v. Perkins*, __ U.S. __, 133 S.Ct. 1924, 1935 (2013) (quoting *Schlup v. Delo*, 513 U.S.

298, 327 (1995)).  In cases such as this involving a conviction upon entry of a guilty plea, "[t]he

application of *Schlup* . . . creates a host of analytical difficulties, given that there is no jury (or

factfinder) finding, the record is normally abbreviated, the state did not 'present' evidence in a

fashion designed to establish guilt beyond a reasonable doubt, and the petitioner typically has

confirmed his guilt through the solemnity of a plea colloquy."  *See Eads v. Bottom*, No. 6:13-CV-

15

29-JMH-REW, 2014 WL 2742581, at *5 (E.D. Ky. June 12, 2014) (and cases cited therein as recognizing those problems). The Sixth Circuit has indicated that in such cases, the court may consider the "facts to which [the petitioner] admitted" when he entered his guilty plea and "any other evidence of his guilt that the Government has marshaled." *Connolly*, 304 F. App'x at 418 (internal citation and quotation marks omitted). *Cf. Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (on remanding a case to permit the petitioner to make a showing of actual innocence for purposes excusing a procedural bar to review of his guilty-plea conviction, the Supreme Court stated that "the Government is not limited to the existing record to rebut any showing that petitioner might make" and "should be permitted to present any admissible evidence of petitioner's guilt even if that evidence was not presented during petitioner's plea colloquy"). In addition, the petitioner must show not only that he is innocent of the guilty-plea charges, but that he is also "actually innocent of the other charges the government chose to forego during the plea bargaining process." *Howard v. United States Dep't of Justice,* 3 F. App'x 269, 270 (6th Cir. 2001) (citing *Bousley*, 523 U.S. at 624).

Here, petitioner does not dispute that he killed his wife. Instead, he generally contends that there were "mitigating facts surrounding the circumstances leading up to the offense," which if investigated and developed by his counsel, would have shown that the offense was a "crime of passion," not murder. (*See* Doc. 11, pp. 6-8, at PAGEID#: 211-12). Petitioner's own self-serving statements and conclusory assertions are insufficient to persuade the undersigned that it is more likely than not that no reasonable juror would have convicted petitioner of murder, if not aggravated murder as charged in the indictment, if the matter had proceeded to trial.

Accordingly, in sum, the undersigned concludes that the ineffective-assistance-of-trial-

counsel claims alleged in Ground Two are barred from review by the one-year statute of

limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254.  It has been

assumed in petitioner's favor that the statute of limitations did not begin to run until November

2011 when petitioner learned that his trial counsel had not filed a timely appeal on his behalf.

Taking into account the tolling of the limitations period during the pendency of the state-court

proceedings that were held on petitioner's motions for leave to file a delayed appeal and to

withdraw his guilty plea, the statute of limitations expired in August 2014, over eleven months

prior to the filing of the instant action.  Equitable tolling principles do not apply to further extend

the limitations period or otherwise avoid the statute-of-limitations bar to review in this case.

Therefore, as respondent has contended in the motion to dismiss, Ground Two should be

dismissed with prejudice because it is time-barred.

**Ground One:**

In Ground One of the petition, petitioner alleges that the trial court violated his

constitutional rights to equal protection and due process when it "denied his request to withdraw

his plea of guilt, without holding an evidentiary hearing and without issu[]ing any findings of

facts and conclusions of law to support it[]s decision rejecting petitioner[']s motion in light of the

overwhelming arguments in support of granting his motion."  (Doc. 1, at PAGEID#: 5).

However, as respondent has argued in support of the motion to dismiss (*see* Doc. 7, pp. 7-10, at

PAGEID#: 187-90), plaintiff's allegations challenging the denial of his motion filed on January

18, 2013 to withdraw his June 20, 2011 guilty plea, raise issues of state-law only, which are not

subject to review in this federal habeas proceeding.

The federal habeas court has jurisdiction to review a state prisoner's habeas petition only

17

on the ground that the challenged confinement violates the Constitution, laws or treaties of the

United States. *See* 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Estelle*

*v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine

state-court determinations on state-law questions"). "A state defendant has no federal

constitutional right, or absolute right under state law, to withdraw a guilty plea." *See, e.g., Gibson*

*v. Warden, Hocking Corr. Facility,* No. 1:10cv8, 2011 WL 1429099, at *5 (S.D. Ohio Feb. 23,

2011) (Litkovitz, M.J.) (Report & Recommendation) (citing *Dickey v. Warden, Lebanon Corr.*

*Inst.,* No. 1:08cv819, 2010 WL 92510, at *1, *8 (S.D. Ohio Jan. 6, 2010) (Beckwith, J.; Black,

M.J.) (and numerous cases cited therein); *Cline v. Kelly,* No. 1:09cv859, 2010 WL 1006529, at *5

& n.7 (N.D. Ohio Mar. 16, 2010), in turn citing *United States v. Woods,* 554 F.3d 611, 613 (6th

Cir. 2009), and *Xie v. Edwards,* No. 93-4385, 1994 WL 462143, at *2 (6th Cir. Aug. 25, 1994)),

*adopted*, 2011 WL 3861687 (S.D. Ohio Aug. 31, 2011) (Spiegel, J.). Instead, "the decision

whether to permit a defendant to withdraw a guilty plea is committed to the trial court's

discretion, which generally is not a basis for federal habeas relief." *Gibson*, *supra*, 2011 WL

1429099, at *5 (quoting *Dickey, supra,* 2010 WL 92510, at *8); *see also United States ex rel.*

*Scott v. Mancusi,* 429 F.2d 104, 109-10 (2nd Cir. 1970). *Cf. Alt v. Eppinger*, No. 1:14cv100,

2015 WL 3489867, at *7-8 (N.D. Ohio June 2, 2015) (holding that the petitioner's claim of

"denial of due process and abuse of discretion" by the trial court in denying the petitioner's

motion to withdraw her guilty plea without a hearing did not state a "cognizable ground for

habeas relief"), *appeal filed*, No. 15-3757 (6th Cir. July 15, 2015); *Cline, supra,* 2010 WL

1006529, at *5 (finding that the magistrate judge had "correctly concluded" that "whether a state

court grants a motion to withdraw a guilty plea is a matter of state law not cognizable on federal

habeas review").

Both *Gibson* and *Dickey* are factually analogous to the case-at-hand.  In those cases, the

petitioner was unable to prevail on any claim that the Ohio court's denial of a post-sentence

motion to withdraw a guilty plea, "of itself, amounted to a violation of the federal Constitution."

*Gibson, supra*, 2011 WL 1429099, at *5; *Dickey, supra*, 2010 WL 92510, at *8.  The courts

found that the following reasoning, quoted from a Sixth Circuit decision rejecting a habeas

petitioner's claim that the trial court's "abuse of discretion in refusing to permit him to withdraw

his jury trial waiver was, of itself, a violation of the Sixth Amendment," applied to the petitioners'

claims challenging the denial of their motions to withdraw their guilty pleas:

> It is possible, of course, at least in theory, that a state court's refusal to permit a
> defendant to withdraw a previously filed jury trial waiver could amount to an
> unconstitutional denial of the defendant's Sixth Amendment right to a jury trial.
> But we can conceive of no situation in which a federal judicial determination on
> *habeas* collateral review that a state court, as a matter of general law, abused its
> discretion in denying the withdrawal motion is *therefore* a violation of the federal
> Constitution.

*Gibson, supra*, 2011 WL 1429099, at *5-6; *Dickey, supra*, 2010 WL 92510, at *8 (quoting

*Sinistaj v. Burt,* 66 F.3d 804, 808 (6th Cir. 1995) (emphasis in original)). In addition, as the court

in *Dickey* further reasoned in rejecting the petitioner's claims of error that allegedly occurred on

appeal from the denial of his post-conviction motion to withdraw his guilty plea, "the writ of

habeas corpus is not the proper means by which prisoners can challenge errors or deficiencies in

state post-conviction proceedings, . . . which address collateral matters and not the underlying

conviction giving rise to the prisoner's incarceration."  *See Dickey, supra*, 2010 WL 92510, at *10

(citing *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986); *Cress v. Palmer*, 484 F.3d 844, 853

(6th Cir. 2007); *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2002); *Alley v. Bell*, 307 F.3d 380, 386-

19

87 (6th Cir. 2002)).

Similarly here, the Court is persuaded that to the extent that petitioner challenges the trial

court's denial of his January 2013 motion to withdraw his June 20, 2011 guilty plea without a

hearing or findings of fact and conclusions of law, his allegations fail to state a claim of federal

constitutional dimension that may be considered or remedied in this habeas proceeding. In any

event, to the extent that petitioner seeks in Ground One to bring a constitutional claim challenging

the validity of the guilty plea he entered in June 2011, as discussed above with respect to the

ineffective-assistance-of-counsel claims alleged in Ground Two, such a claim is time-barred

under the applicable one-year statute of limitations governing federal habeas petitions set forth in

28 U.S.C. § 2244(d)(1). *Cf. Gibson, supra,* 2011 WL 1429099, at *6; *Dickey, supra,* 2010 WL

92510, at *7; *see also Neff v. Brunsman,* No. 1:06cv135, 2008 WL 2169392, at *3, *8-9 (S.D.

Ohio May 21, 2008) (Spiegel, J.; Black, M.J.) (holding that the petitioner was not entitled to

habeas relief based on a claim challenging the Ohio Court of Appeals' denial of a motion for

delayed appeal under Ohio R. App. P. 5, because the state court's ruling failed to "implicate

federal constitutional concerns, except to the extent that petitioner seeks relief based on the

underlying [time-barred] claim that he was denied his constitutional right of appeal").

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 7) be **GRANTED**, and petitioner's petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on

the ground that Ground Two is time-barred under 28 U.S.C. § 2244(d) and Ground One fails to

state a cognizable ground for federal habeas relief.

2. A certificate of appealability should not issue with respect to Ground Two of the

20

petition, which this Court has concluded is barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[9] Moreover, a certificate of appealability should not issue with respect to Ground One of the petition, which was addressed on the merits herein, because petitioner has not stated a "viable claim of the denial of a constitutional right" or presented issues that are "adequate to deserve encouragement to proceed further." *See Slack,* 529 U.S. at 475 (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 1/19/16

Karen L. Litkovitz
United States Magistrate Judge

---

[9] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in the time-barred ground for relief. *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DENNIS REYNOLDS,                                Case No. 1:15-cv-363
      Petitioner,

                                 Black, J.
    vs.                                         Litkovitz, M.J.

WARDEN, HOCKING
CORRECTIONAL FACILITY,
      Respondent.


## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc

22